ALDERMAN, Judge.
Petitioner, Dairy Service Corporation, pursuant to Section 120.68, Florida Statutes (1975) seeks review of certain actions of the Florida Department of Citrus.
Petitioner is a licensed citrus fruit processor engaged in the business of processing, reprocessing, packaging, transporting and selling citrus products. Petitioner received from Brazil one thousand drums of orange concentrate. One hundred fifteen drums were utilized by petitioner in reprocessing. Without protest, petitioner paid the “Equalizing Excise Tax,” pursuant to Section 601.-155, Florida Statutes (1975), on those one hundred fifteen drums. Thirty-five drums were transhipped out of the State of Florida without removal of the contents from the original containers. Respondent did not seek to impose a tax on those thirty-five drums. A question arose, however, concerning the taxation of the remaining eight hundred fifty drums. The contents of those drums were emptied into railroad tank cars which were already partially filled with domestic orange concentrate. The co-mingled concentrates were then shipped out of the State of Florida.
Section 601.155(1), Florida Statutes (1975), provides in part:
“The first person who exercises in this state the privilege of processing, reprocessing, or packaging orange juice products, . . . shall pay an excise tax upon such privilege with respect to such processing, reprocessing, or packaging
By letter, respondent advised petitioner that a tax would be due on the eight hundred fifty drums because “. . . once you remove the import product from its original drum, even to put into a tanker, you have entered into a packaging operation." Petitioner responded by letter, contending that “. . . there was no processing, reprocessing or packaging done thereon by Dairy Service.” The correspondence continued with a letter to petitioner wherein respondent, after consultation with its attorney, restated its claim that a tax was due. Petitioner again denied liability. Subsequently on March 17, 1976, a meeting of the Processing Committee of the Florida Citrus Commission was held. According to the minutes of that meeting there was a discussion of the specific situation involving petitioner, as well as the general application of Section 601.155. Respondent’s general counsel and staff members requested instructions as to how they were to proceed in the present case and similar cases in the future. The following resolution was adopted by the Processing Committee: “. . . When imported concentrate comes into the state from a foreign source, when it is removed from its original con *1225 tainer and put into another container— whatever kind — it then becomes taxable.” On the same day the report of the Processing Committee was presented to the Florida Citrus Commission. The minutes of that meeting reflect that the Commission approved and adopted the recommendation of the Processing Committee. On the next day petitioner was advised by letter of the action of the Florida Citrus Commission. Petitioner paid the tax under protest and filed a written petition, which among other things requested a formal hearing pursuant to Sections 120.56 and 120.57, Florida Statutes (1975). Respondent denied petitioner’s request upon the ground that the issue was moot, contending that petitioner had already been given a written agency declaratory statement pursuant to Chapter 120.565, Florida Statutes (1975).
Section 120.565, Florida Statutes (1975), provides:
“Declaratory statement by agencies Each agency shall provide by rule the procedure for the filing and prompt disposition of petitions for declaratory statement as to the applicability of any statutory provision or of any rule or order of the agency. Agency disposition of petitions shall be final agency action.”
As mandated by Section 120.565 the Florida Citrus Commission adopted the following Rule:
“Petition for agency declaratory statement on applicability of statute, rule or order.
(1) Any interested person may file with the executive director of the Department of Citrus a written petition for a declaratory statement by the agency as to the applicability of any statutory provision of Chapter 601, Florida Statutes, or any rule or order of the Department of Citrus, to a set of facts as specifically set forth in the written petition.
(2) The Department shall immediately acknowledge receipt of the petition and advise the petitioner in such acknowl-edgement of the date the petition for a declaratory statement will be presented to the agency head for disposition.
(3)Whenever possible, petitions for declaratory statement will be presented at the next regular meeting of the agency head. However, petitions received within fourteen days 'of a meeting of the agency head need not be presented at that meeting but may, if necessary, be held for presentation at the next following meeting. Agency action on the petition shall be taken, unless otherwise agreed to by the petitioner, within 60 days of receipt of the petition.”
§ 20-102.06, Florida Administrative Code.
It does not appear from the record that petitioner ever filed a written petition for a declaratory statement as contemplated by Rule 20-102.06. It does appear that a dispute arose between petitioner and members of respondent’s staff as to whether or not a tax under Chapter 601.155 was due on eight hundred fifty drums of orange concentrate. The matter was first presented by respondent’s staff to the Processing Committee because, according to the minutes of that meeting, “a situation has developed which suggests that for both the specific situation as well as for future reference, the Commission should provide the staff direction as to the application of the Statute.” Neither the Processing Committee, nor the Florida Citrus Commission when it adopted the Processing Committee’s recommendation, had from petitioner “a written petition for declaratory statement by the agency as to the applicability of any statutory provision of Chapter 601, Florida Statutes, or any rule or order of the Department of Citrus, to a set of facts as specifically set forth in the written petition.”
We hold that the action of the Florida Citrus Commission on March 17, 1976, was not a “declaratory statement” under Chapter 120.565, Florida Statutes (1975) and Rule 20-102.06, Florida Administrative Code. Also the subsequent petition by Dairy Service Corporation for hearings under Section 120.56 and 120.57 was not a request for a “declaratory statement.” Therefore denial of this petition upon the ground that the issues raised are moot was incorrect. The issue is whether petitioner is *1226 entitled to a hearing under Sections 120.56 or 120.57.
We conclude that petitioner is not entitled to a hearing under Section 120.56. This Section of the Administrative Procedure Act allows any person substantially affected by a rule to seek an administrative determination of the invalidity of the rule. The “agency action” presently under review is not a “rule” of the Florida Citrus Commission.
However petitioner should have been allowed a hearing under Section 120.-57. The provisions of this Section apply in all proceedings in which the substantial interest of a party are determined by an agency. The adoption of the recommendation of the Processing Committee by the Florida Citrus Commission was a proceeding in which the substantial interest of Dairy Services Corporation was determined.
Certiorari is granted and the case remanded to the Florida Citrus Commission with directions that Dairy Services Corporation be allowed a hearing as provided by Section 120.57, Florida Statutes (1975).
SMITH, ROBERT P., Jr., Associate Judge, concur.
SCHWARTZ, ALAN R., Associate Judge, dissenting, with opinion.